### UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF NEW HAMPSHIRE

<u>Katherine Gatsas</u>

   v.                                          Civil No. 05-cv-315-SM

<u>Manchester School District</u>

### **O R D E R**

Plaintiff has sued her former employer alleging gender discrimination, retaliation and wrongful/retaliatory discharge. Defendant moves to compel production of plaintiff's psychological records (Dr. Hindy records) and for a Rule 35 examination. Plaintiff objects alleging that she seeks only "garden variety" emotional distress damages and that she has not placed her psychological condition or treatment in issue.

<u>Discussion</u>

Fed. R. Civ. P. 35(a) provides, in pertinent part:

> When the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner . . . . The order may be made only on motion for good cause shown . . . .

The party seeking to compel the evaluation has the burden of "affirmatively establishing the 'in controversy' and 'good cause'

requirements." Ford v. Contra Costa County, 179 F.R.D. 579, 579 (1998) (citing Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964)).

Applying the Schlagenhauf "in controversy" test, federal courts have considered whether one or more of five factors are present:

> 1. a cause of action for intentional or negligent infliction of emotional distress; 2. an allegation of a specific mental or psychiatric injury or disorder; 3. a claim of unusually severe emotional distress; 4. the plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5. the plaintiff's concession that her mental condition is 'in controversy' within the meaning of Rule 35.

See O'Sullivan v. State of Minnesota, 176 F.R.D. 325, 328 (D.Minn. 1997); Bethel v. Dixie Homecrafters, Inc., 192 F.R.D. 320, 322 (N.D.Ga. 2000).

None of the four causes of action set forth in the writ is an action for intentional or negligent infliction of emotional distress. The writ does not allege any specific mental or psychiatric injury or disorder. Furthermore, plaintiff does not claim any unusually severe emotional distress and will claim only the 'garden variety' mental anguish . . . (and she) does not propose to offer expert testimony to support her claim of emotional distress, but merely to testify . . . to his factual

observations of her during that time." Document no. 10, ¶ 20.

At first blush this appears to be garden variety emotional distress but it is less clear when the reference to Dr. Hindy's projected testimony is considered. Plaintiff cannot have it both ways – either Dr. Hindy will testify about observed psychological conditions or he won't. It simply is not clear. If plaintiff clearly waives all but garden variety mental anguish then the motion should be denied. Based upon the objection it appears that that is what she is doing. I therefore deny the motion but without prejudice to renew if plaintiff does not make a written waiver of all emotional damages except mental anguish.[1]

**SO ORDERED.**

James R. Muirhead
United States Magistrate Judge

Date: May 17, 2006

cc:   Leslie H. Johnson, Esq.
      Kathleen C. Peahl, Esq.

---

[1] If Dr. Hindy is to testify, plaintiff is to set forth in writing a brief statement on outline of his testimony within the next thirty (30) days. Defendant may then depose him and may examine any records of visits upon which the testimony is based. Thereafter, a new motion, if appropriate, may be filed.

3