```
Gatsas v. Manchester School           05-CV-315-SM 01/25/07
                 UNITED STATES DISTRICT COURT

                   DISTRICT OF NEW HAMPSHIRE
```

Katherine Gatsas,
    Plaintiff

    v.                                    Civil No. 05-cv-315-SM
                                              Opinion No. 2007 DNH 010
Manchester School District
also known as School
Administrative Unit No. 37,
    Defendant

## O R D E R

Plaintiff moves for partial reconsideration of the court's order of November 7, 2006, granting in part, and denying in part, defendant's motion for summary judgment (document no. 30). Specifically, plaintiff urges the court to reconsider its judgment in favor of the defendant with respect to the state disparate treatment claim under New Hampshire Rev. Stat. Ann. ("RSA") 354-A (Count II) and on the retaliation claim (Count III).

Plaintiff's motion for reconsideration is granted as to Count II and denied as to Count III.

**DISCUSSION**

Plaintiff argues that summary judgment on Count II was improperly granted in favor of the defendant because RSA 354-A provides for a private right of action for unlawful discrimination beyond the administrative procedure established by that statute, provided certain procedural conditions are satisfied.  She is correct.  See RSA 354-A:21-a; Perrotti-Johns v. Wal-Mart Stores, Inc., 2006 DNH 79, *16 (D.N.H. July 11, 2006); Struffolino v. McCoy, 2004 DNH 174, *3 (D.N.H. November 30, 2004); Munroe v. Compaq Computer Corp., 2002 DNH 186, *31 (D.N.H. October 18, 2002).  Specifically, RSA 354-A:21-a now provides, in pertinent part, that

> [a]ny party alleging to be aggrieved by any practice made unlawful under this chapter may, at the expiration of 180 days after the timely filing of a complaint with the commission, or sooner if the commission assents in writing, but not later than 3 years after the alleged unlawful practice occurred, bring a civil action for damages or injunctive relief or both, in the superior court for the county in which the alleged unlawful practice occurred or in the county of residence of the party.

Because plaintiff satisfied the procedural prerequisite of filing this case more than 180 days after she filed her complaint with

the New Hampshire Commission for Civil Rights,[1] she is entitled to pursue the state claim.

Further, an unlawful discriminatory practice under New Hampshire includes those "[p]ractices prohibited by the federal Civil Rights Act of 1964, as amended."  RSA 354-A:2 XV(b).  The analysis necessary to adjudicate the Title VII claim is thus identical to that necessary to consider the state claim.  As described in its previous order, there is a genuine dispute of material fact as to the District's motivation in denying Gatsas the interim position, and accordingly, the defendant's motion for summary judgment as to Count I was denied.

Defendant concedes that the legislature created a private right of action when it amended RSA ch. 351-A, but opposes the motion for reconsideration on grounds that it was filed one day late and that plaintiff cannot "recover twice" for the same cause of action wearing two hats.  The motion for reconsideration does not appear to have been tardy, but, in any event, no prejudice resulted.  The error of law is clear, and while plaintiff cannot

---

[1] Plaintiff's Charge of Discrimination was filed with the New Hampshire Commission on or about April 14, 2003, (Writ ¶ 7), and this suit was originally filed in state court on August 4, 2005.

recover twice, she is entitled to recover damages under the state statute that are not permitted under federal law. Because the state statute provides for a private right of action, and because the standards for the federal and state claims are identical, upon reconsideration, defendant's motion for summary judgment as to Count II is also denied.

## CONCLUSION

Plaintiff's motion for partial reconsideration (document no. 31) is granted in part and denied in part. As to Count II, the court grants plaintiff's motion for reconsideration and, upon reconsideration, denies defendant's motion for summary judgment, thereby reinstating Count II. As to Count III, the court denies the motion for reconsideration and the court's previous order stands.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

January 25, 2007

cc:  Leslie H. Johnson, Esq.
     Kathleen C. Peahl, Esq.