UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Katherine Gatsas,
	Plaintiff

	v.	Civil No. 05-cv-315-SM
		Opinion No. 2008 DNH 153
Manchester School District a/k/a
Administrative Unit No. 37,
	Defendant


**O R D E R**


Plaintiff seeks a new trial following a jury verdict in favor of defendant, essentially arguing that her pretrial motion to amend the complaint (document no. 61), by adding a claim for retaliation based upon her termination in August of 2007, should have been granted.

The court denied that motion at the final pretrial conference, ruling that "[T]he proposed amendment would require further delay of the scheduled trial in an already aging case, raised new issues that would require reopening discovery, and appeared to relate to a temporally unrelated matter." In addition, defendant consented to plaintiff's arguing for compensatory damages for alleged retaliation through the jury verdict, leaving any additional damages related to the alleged retaliatory discharge for another day, in a trial based upon that discrete act of alleged discrimination. See Orders dated

November 14, 2007 (document no. 61), and November 1, 2007 (document no. 67) ("The parties also agreed that for purposes of this litigation compensatory damages includes a claim by plaintiff for lost pay up through the jury verdict (reinstatement — or front pay being equitable remedies for the court to resolve). Should plaintiff pursue a separate claim for wrongful discharge (not permitted as a late amendment to this case) any recovery of lost pay here will offset against a lost pay recovery in that potential future case.").

Plaintiff's new trial motion again argues that the amendment should have been allowed under Clockedile v. New Hampshire Department of Corrections, 245 F.3d 1, 6 (1st Cir. 2001), and Rivera v. Puerto Rico Aqueduct & Sewers Authority, 331 F.3d 183 (1st Cir. 2003). But not only was the proposed amendment likely to disrupt the trial schedule, it also concerned a discrete claim of alleged retaliation that was some four years removed from the supposed cause for retaliation underlying the case (i.e., filing a claim of discrimination related to defendant's failure to hire plaintiff for a temporary and interim vice-principal's position years earlier), a claim that was not plausibly "reasonably related [to] and growing out of the discrimination complained of to the agency . . . ." Clockedile, 331 F.3d at 6. Rivera affirmed Clockedile's essential holding — that a judicial

complaint can encompass discrete acts of retaliation <u>reasonably related</u> and growing <u>out of</u> the discrimination complained of to the agency, but added nothing new.  The court declined to decide whether a judicial complaint also may encompass non-retaliatory but related discrete acts which took place after the discrimination described in the charge filed with the agency, if plaintiff failed to amend her administrative change or to file a new one.

Needless to say, plaintiff still may bring that discrete claim, as she represents that she filed a charge of discrimination with the N.H. Commission for Human Rights on November 5, 2007, just before trial.  But, she will have to establish that her discharge, years after she filed a complaint about not being offered the interim vice-principal's position, was causally connected to that protected activity.  Three and four month periods between protected activity and alleged retaliation have been held insufficient to establish the necessary causal connection based upon temporal proximity, <u>see</u>, <u>e.g.</u>, <u>Calero-Cerezo v. United States DOJ</u>, 355 F.3d 6, 25 (1st Cir. 2004), so plaintiff will have to produce evidence from which a rational jury could find a causal connection between the earlier complaint and the discharge to succeed on a retaliation claim.  <u>See also</u> <u>Mariani-Colon v. Dep't of Homeland Sec.</u>, 511

F.3d 216, 224 (1st Cir. 2007).  ("Given appellant's continued failure to accept an alternative position with the TSA and return to work, the temporal proximity between appellant's complaints of discrimination and his discharge fails to raise an "inference of retaliation.") (citation omitted); see also Orta-Castro v. Merck, Sharp & Dohme Quimica P.R., Inc., 447 F.3d 105, 111 (1st Cir. 2006).

Given the lateness of the claim (plaintiff was not discharged until August of 2007) and the potential overlap of damages (lost pay for retaliation as pled and lost pay for wrongful termination as retaliation), the court encouraged defendant to waive any argument at trial that lost pay damages were cut off as of plaintiff's termination, given that those damages were comparatively minor, and, if plaintiff recovered those damages, they would be offset on a future discharge claim, and if not, defendants were none the worse for it.

The motion for new trial (document no. 91) is denied.
   **SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

August 22, 2008

cc:  Leslie H. Johnson, Esq.
     Kathleen C. Peahl, Esq.